IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No: 3:22-320 |
| v. | **PLEA AGREEMENT** |
| **ERIC ANTHONY ROME** | |

### General Provisions

This PLEA AGREEMENT is made this 8th day of March, 2023, between the United States of America, as represented by United States Attorney ADAIR F. BOROUGHS, Assistant United States Attorney Winston D. Holliday, Jr.; the Defendant, **ERIC ANTHONY ROME**, and Defendant's attorney, Allen B. Burnside.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1. The Defendant agrees to plead guilty to Count 2 of the Indictment now pending, which charges "Threats Against the President," a violation of Title 18, United States Code, § 871(a).

In order to sustain its burden of proof, the Government is required to prove the following:

### Count 2

A. That the defendant made a threat to kill, kidnap, or injure the President of the United States; and
B. That the defendant did so knowingly and willfully.

The penalty for this offense is:

A maximum term of imprisonment of 5 years, a fine of $250,000 and a term of supervised release of at least three years in addition to any term of imprisonment, plus a special assessment of $100.

2.  The Defendant understands and agrees that monetary penalties [i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 USC § 3613. The Defendant also understands that payments made in accordance with installment schedules set by the Court are minimum payments only and do not preclude the government from seeking to enforce the judgment against other assets of the defendant at any time, as provided in 18 USC §§ 3612, 3613 and 3664(m). The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Responsibility Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

    A.  Special Assessment: Pursuant to 18 U.S.C. §3013, the Defendant must pay a special assessment of $100.00 for each felony count for which he is convicted. This special assessment must be paid at or before the time of the guilty plea hearing.

    B.  Restitution: The Defendant agrees to make full restitution under 18 U.S.C. § 3556 in an amount to be determined by the Court at the time of sentencing, which amount is not limited to the

        count(s) to which the Defendant pled guilty but will include restitution to each and every identifiable victim who may have been harmed by his scheme or pattern of criminal activity, pursuant to 18 U.S.C. § 3663. The Defendant agrees to cooperate fully with the Government in identifying all victims.

    C.    Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

3. Provided the Defendant complies with all the terms of this Agreement, the United States agrees to move to dismiss the remaining counts of the Indictment [and any other indictments under this number] at sentencing. The Defendant understands that the Court may consider these dismissed counts as relevant conduct pursuant to §1B1.3 of the United States Sentencing Guidelines.

4. The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with any bond executed in this case. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his plea of guilty to the offense(s) enumerated herein.

### Merger and Other Provisions

5. The Defendant and the Government stipulate and agree to the following for purposes of calculating the Defendant's sentence pursuant to the United States Sentencing Commission Guidelines:

   A. Considering the Defendant's remaining sentence in state custody, as well as the projected sentencing guideline range for the current offense, the parties agree that the appropriate sentence in this case is **five years incarceration**, to run **consecutively** to the state sentence now being served, along with whatever supervision, financial penalties, and special assessments the Court deems appropriate.

   The Defendant understands that this stipulation is not binding upon the Court or the United States Probation Office, and that the Defendant has no right to withdraw his plea should this stipulation not be accepted. Further, the Defendant understands and acknowledges that this stipulation is binding on the Government only in the event that the Defendant complies with ALL of the terms of this Agreement and does not contest any of the above stipulations or any readily provable relevant conduct.

6. The Defendant represents to the court that he has met with his attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his attorney and related all information of which the Defendant

is aware pertaining to the case; that the Defendant and his attorney have discussed possible defenses, if any, to the charges in the Indictment including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the government's witnesses, the Defendant's right to testify in his own behalf, or to remain silent and have no adverse inferences drawn from his silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

7. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under

28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law that affect the defendant's sentence. This agreement does not affect the rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b). Nor does it limit the Government in its comments in or responses to any post-sentencing matters.

8. The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

9. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

3-8-23
Date

3/8/23
DATE

8 Mar 23
Date

*Enclosure*
ERIC ANTHONY ROME, DEFENDANT

*Allen B. Burnside*
ALLEN B. BURNSIDE
ATTORNEY FOR THE DEFENDANT

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

WINSTON D. HOLLIDAY, JR. (#7597)
ASSISTANT UNITED STATES ATTORNEY